United States District Court
Southern District of New York
-----------------------------------------------------------------------X
Kairos Credit Strategies Operating Partnership, LP,

    Plaintiff(s),

- - against - -

The Friars National Association, Inc.; City Of New York Department Of Environmental Control; Commissioner Of Labor State Of New York Department Of Labor; New York State Tax Department Legal Department; New York City Finance Administration Bureau Of Compliance And Collection; Hotel Restaurant & Club Employees And Bartenders Union Local 6 And Club Employees Pension Fund; And "John Doe #1" Through "John Doe #20," The Twenty Names Being Fictitious And Unknown To The Plaintiffs, The Person Or Parties Intended Being The Tenants, Occupants, Persons Or Corporations, If Any, Having Or Claiming an interest in lien upon the premises,

    Defendant(s).
-----------------------------------------------------------------------X

Case № 23-cv-02960

Declaration Of
Arthur Aidala
President Of Defendant
The Friars National
Association, Inc.

Arthur Aidala, declares, under penalties of perjury, the following:

1.     I am the President of the Defendant The Friars National Association in the above-captioned commercial mortgage foreclosure action.

2.     I submit this declaration in opposition to Plaintiff's motion to appoint a receiver to manage Defendant's historic and landmarked real property located at 57 East 55th Street, New York, New York.

3.     Since recently becoming significantly involved in the organization, I have been working aggressively to address outstanding issues affecting Defendant's operations and its property. All negotiations being explored allows the long-established Friars Club to continue its residence at the subject property as tenants so this 100-year-old institution can continue to serve its member and this City.

4. My effort include having Defendant's property listed for sale with a real estate broker, CBRE, Inc. to assist in restructuring Defendants' obligations and assets. As can be observed from that listing agreement, we are also presently in negotiations with a private entity to purchase Defendant's property.

5. Because negotiations are actively in progress, it is necessary that Defendant's efforts continue and produce a fruitfully productive result that, at a minimum, will resolve Plaintiff's alleged claims underlying the entire action.

6. Defendant is concerned that the appointment of a receiver, no matter how experienced it may be, may interfere with Defendant's lawful ability to manage its operations and property. And, instead, will cause confusion.

7. I understand that Plaintiff offered pictures taken during an inspection several weeks ago; however, those pictures do not depict the current condition.

8. It is important to impress upon both Plaintiff and the court that we have improved the conditions of the property.

9. I have provided many more photographs, taken yesterday, showing that Defendant is preserving its property as expected.

10. While there may have been a water leak issue a month ago, the issue was entirely remedied (and all dehumidifiers and related equipment removed).

11. It is in Defendant's best interest to ensure that its property is the most marketable for the highest price.

12. I am doing my best to ensure that Defendant is operated to serve its best interests.

13. Defendant is concerned that Trigild IVL Group, LLC, as proposed in its "scope of work," may interfere with Defendant's best interest.

14. For Defendant, I am in direct communication with the New York State Attorney General and the speaker of the New York City Counsel regarding the Defendant's property and this situation. Both have committed to contributing assistance toward Defendant's existence and preservation of its property. I am also coordinating with the Attorney General's office because Defendant is a not-for-profit corporation and such status requires that office's involvement.

15. Because of the progression of ongoing efforts, Defendant expects, without the need of a receiver, to resolve Plaintiff's claim within the upcoming months.

16. To this end, there is no "imminent danger" of anything.

17. In fact, the opposite may be true: if a receiver is appointed, our pending efforts to resolve financial issues may be thwarted or even destroyed the moment the receiver steps in.

18. Within the next 4 to 5 months, there should be no circumstances that will jeopardize the structural integrity of the property or significantly diminish its value.

19. Therefore, the drastic remedy of appointing a receiver will cause harm not prevent it.

20. Because of the foregoing, it is respectfully requested that this Court deny Plaintiff's order to show cause in its entirety.

I declare under penalty of perjury under the laws of the United States Of America that the foregoing is true and correct.

Executed on: April 26, 2023

_Arthur Aidala (Apr 26, 2023 19:04 PDT)_

Arthur Aidala
President Of Defendant The Friars National Association, Inc.