UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIROS CREDIT STRATEGIES OPERATING PARTNERSHIP, LP,

                Plaintiff,

-v-

THE FRIARS NATIONAL ASSOCIATION, INC., et al,

                Defendants.

23 Civ. 02960 (AS) (RFT)

**SCHEDULING ORDER FOR DAMAGES INQUEST**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On January 31, 2024, Judge Arun Subramanian issued an Order entering a judgment as to liability in favor of Plaintiff and against defendant Hotel Restaurant & Club Employees and Bartenders Union Local 6 ("Union") and defendant Club Employees Pension Fund ("Fund"). (ECF 127.) In that same Order, Judge Subramanian entered a default judgment as to liability against defendant City of New York Department of Environmental Control and defendant New York City Finance Administration Bureau of Compliance and Collection (the "Defaulting Defendants"). (*See id*.) By Order of Reference dated January 31, 2024 (ECF 128), Judge Subramanian referred this case to a Magistrate Judge to conduct an inquest and issue a report and recommendation concerning the amount of damages, if any, that should be awarded to Plaintiff against Union and Fund.

Accordingly, it is ORDERED that:

    1.    <u>Proposed Findings of Fact and Conclusions of Law</u>. No later than **February 23, 2024,** Plaintiff shall file its Proposed Findings of Fact and Conclusions of Law concerning all damages and other monetary relief permitted in connection with a

1

judgment against Union and Fund. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes, as to each Defendant, the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from that Defendant.

2. <u>Damages</u>. Plaintiff must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if plaintiff seeks actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each such proposed finding. In addition, the Proposed Findings of Fact should demonstrate, for the Defendant, how Plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against that Defendant.

3. <u>Attorneys' Fees</u>. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and describing his or

her background and qualifications, as well as evidence documenting Plaintiff's costs and expenses.

4. <u>Service</u>. Prior to filing, Plaintiff shall serve the Defaulting Defendants by mail at its last known address with Plaintiff's Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiff shall file proof of such service along with its Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

5. <u>Opposition</u>. No later than **March 8, 2024**, each Defendant shall serve upon Plaintiff's counsel and file with the Court its responses, if any, to Plaintiff's Proposed Findings of Fact and Conclusions of Law and supporting materials.

6. <u>Inquest on Written Submissions</u>. The Court hereby notifies the parties that it may conduct the inquest based solely upon the written submissions of the parties. *See Action SA. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against defendant, without an evidentiary hearing). To the extent any party seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its

submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

DATED: February 9, 2024
New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge