UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIROS CREDIT STRATEGIES OPERATING
PARTNERSHIP, LP,

                          Plaintiff,

   -v-

THE FRIARS NATIONAL ASSOCIATION, INC., et al.,

                         Defendants.

23 Civ. 02960 (AS) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      The Honorable Arun Subramanian has referred to me a request to calculate damages, if any, to Plaintiff Kairos Credit Strategies Operating Partnership, LP ("Plaintiff") caused by the default on a series of loans by Defendant Friars National Association, Inc. ("Friars Club"). Plaintiff has supported its claimed damages with three submissions: proposed findings of facts and conclusions of law ("Proposed Findings") (ECF 130) and supporting declarations from Raymond Hu (ECF 131, "Hu Decl.") and Mark Lichtenstein (ECF 132). For the reasons set forth below, and as provided herein, Plaintiff is directed to supplement its submissions in support of its claimed damages.

## Background

      Friars Club is a non-charitable not-for-profit corporation that defaulted on a series of loans made to it between 2018 through 2023. (*See* ECF 119, Summary Judgment Order at 1.) On April 7, 2023, Plaintiff commenced this action against Friars Club, seeking to foreclose on Plaintiff's mortgage and security interest. (*See* ECF 1, Compl. ¶¶ 16-20.) On October 18, 2023, Plaintiff moved for summary judgment. (*See* ECF 88, Mot. for Summary Judgment.) On December 12, 2023,

1

Judge Subramanian granted Plaintiff's motion for summary judgment to foreclose on Plaintiff's mortgage and security interest and referred the damages calculation to a magistrate judge. (*See* ECF 119, Summary Judgment Order.)

On February 9, 2024, I set a briefing schedule setting out the information I believed necessary to perform a calculation of Plaintiff's damages. (*See* ECF 129.) On February 23, 2024, Plaintiff filed its Proposed Findings" (*see* ECF 130) with supporting declarations. Friars Club made no submissions opposing Plaintiff's claimed damages.

I have reviewed Plaintiff's submissions and determined that they do not contain all the information necessary to support Plaintiff's claimed damages.

**Legal Standard**

Under Section 1321 of the New York Real Property Actions and Proceedings Law ("RPAPL"), a "trial court has the authority to compute the amount owed or appoint a referee to do the same." *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384 (CS), 2016 WL 6902480, at *4 (S.D.N.Y. Nov. 22, 2016). It is Plaintiff's burden to prove damages. *See Wilmington Trust, National Ass'n v. Winta Asset Management LLC*, 20-CV-5309 (JGK) (VF), 2023 WL 9603893, at *2 (S.D.N.Y. Dec. 21, 2023), *report and recommendation adopted*, 2014 WL 4804901 (S.D.N.Y April 18, 2024). Damages must be determined with reasonable certainty. *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014).

**Deficiencies in Plaintiff's Submissions**

<u>Accrued Default Rate Interest</u>. Plaintiff's Proposed Findings and the supporting Hu Declaration state that "the balance due under the loan as of February 23, 2024, is $16,711,321.71." (ECF 130, Proposed Findings at 7; ECF 131, Hu Decl. ¶ 2.) Plaintiff asserts that the spreadsheet attached as Exhibit A to the Hu Declaration "shows the total amounts due in detail

along with detailed back up of the calculations of each category of amounts due." (ECF 131, Hu Decl. at 2.) Upon reviewing the calculations in Exhibit A and the explanation set forth in the Hu Declaration, I cannot ascertain what calculations were performed by Plaintiff to arrive at its figures for accrued default rate interest. The supporting documents cite to various sections of the Loan Agreement and Mortgage, which do not provide a formula for the calculation. Moreover, in support of this calculation, Plaintiff cites to "Sections 2.8 and 9.1(p) of the Term Loan and Security Agreement dated June 25, 2021 ("Loan Agreement"), as amended on January 10, 2022." The Loan Agreement appears on the docket (ECF 90, Declaration of Raymond Hu in Support of Summary Judgment ("Hu SJ Decl.") Ex. 28, Loan Agreement), but there does not appear to be an amended version of the Loan Agreement attached to Plaintiff's submissions or anywhere on the docket.

<u>Fees for Property Inspections</u>. Plaintiff's Proposed Findings lists as damages "Property Inspections in the amount of $13,600" (ECF 130, Proposed Findings at 7), and the spreadsheet attached as Exhibit A to the Hu Declaration breaks out the charge for Property Inspections as the following: "Updated PCA"; "Lender Site Inspection Travel (3/2023)"; and "Lender Site Inspection Travel (9/2023)." (ECF 131, Hu Decl. Ex. A.) However, Plaintiff provides no receipts or other supporting evidence establishing and explaining the basis for this charge.

<u>Special Servicing Fee</u>. Plaintiff's request for a Special Servicing Fee is unsubstantiated. Plaintiff does not identify any special workout firm or individual engaged "for workout, including, without limitation, advising, structuring, drafting, reviewing, administering, or amending Loan documents in any form or fashion" (ECF 90, Hu SJ Decl. Ex. 28, Loan Agreement, Section 2.10).

<u>Legal Fees for Unconsummated Loan Modification</u>. Plaintiff claims that it "incurred the sum of $23,610.15 of legal fees and costs in connection with the preparation of loan modification papers requested by the Borrower. The loan modification was never consummated and the

3

Borrower has not reimbursed Plaintiff for these expenses. Such legal expenses are recoverable under the Loan Documents." (ECF 130, Proposed Findings at 5). Plaintiff does not cite to any specific provisions in the Loan Agreement, Mortgage or other loan documents indicating Plaintiff is entitled to reimbursement for these expenses.

### Order To Supplement

Plaintiff has thus far failed to demonstrate the entire amount of its claimed damages with reasonable certainty. Since Plaintiff attached documentation to its papers, and the flaw may be in a failure to explain that documentation, in the interest of justice, I will afford Plaintiff another opportunity to explain its proposed damages calculations and to provide all underlying materials necessary for me to be able to understand and duplicate Plaintiff's calculations.

Accordingly, it is ORDERED that:

1. No later than May 22, 2024, Plaintiff shall make a supplemental submission in further support of its claimed damages. This submission should contain explanations that are sufficient for me to determine, to a reasonable certainty, the extent of Plaintiff's damages. Where supporting documentation is unavailable or does not exist, or where Plaintiff has relied on reasoned estimates, Plaintiff should explain this in its supplemental submission. In its supplemental submission, Plaintiff is specifically directed to explain, by way of an affidavit from a person with knowledge of the underlying facts,

    a. the numerical formula it relied upon to arrive at the calculation of default rate accrued interest;[1]

---

[1] By way of example, Plaintiff's formula should potentially reflect the following: (default interest) x (days elapsed in month ÷ 360)).

  b. whether the Loan Agreement was amended on January 31, 2024 (if so, Plaintiff should attach the amended agreement as an exhibit);

  c. what entity or individual conducted the property inspections costing $13,600 (and Plaintiff should attach as an exhibit any documentation to support this amount);

  d. whether Plaintiff retained an individual or entity to serve as a Special Servicer within the meaning of Section 2.10 of the Loan Agreement (ECF 90, Hu SJ Decl. Ex. 28) (and Plaintiff should attach as an exhibit any documentation showing that a Special Servicer was paid $130,000).

2. Plaintiff must serve Defendants with its supplemental submission, together with a copy of this Order, by May 23, 2024, and Plaintiff must file on the docket proof of such service no later than May 23, 2024.

3. Defendants shall submit their responses, if any, to Plaintiff's supplemental submission no later than one week after Plaintiff serves them with Plaintiff's supplemental submission.

DATED: May 17, 2024
    New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge