United States District Court
Southern District of New York
------------------------------------------------------------------X
Kairos Credit Strategies Operating Partnership, LP,

    Plaintiff(s),

                - - against - -

The Friars National Association, Inc.; *et al*,

    Defendant(s).

------------------------------------------------------------------X

Index № 23-cv-02960

Response By Defendant
The Friars National
Association, Inc.
To Plaintiff's Supplemental
Submission

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )

Steven Alexander Biolsi, an attorney duly admitted to practice law before the courts of this State and of the United States District Court, Southern District Of New York, affirms the truth of the following under penalties of perjury:

1.    I am attorney of record for Defendant The Friars National Association in the above-captioned commercial mortgage foreclosure action.

2.    This response is submitted as instructed by the Honorable Robyn F. Tarnofsky, United State Magistrate Judge as to Plaintiff's supplemental submissions to address deficiencies in Plaintiff's earlier papers. (ECF Doc 137).

3.    As the Magistrate Judge noted, consistent with the New York Court of Appeals established rulings, "[d]amages are recoverable for losses caused by breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." *Haughey v. Belmont Quadrangle Drilling Corp.*, 284 NY136, 142 [1940] citing to *American Law Institute, Restatement of the Law of Contracts*, § 331. At a minimum, Plaintiff is required to present its case in proper evidentiary form before any burden shifts to Defendants. "It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered." *Berley Indus., Inc. v. City of New York*, 45 NY2d 683, 686 [1978].

4. The burden of establishing damages remains with Plaintiff. *Haughey*, 284 NY136, at 142.

5. Even if the amount due was an easily quantifiable "sum certain," in the absence of proper admissible evidence, the ability to demonstrate the sum due in evidentiary form may be insurmountable. *See, e.g.*, *Reynolds Sec., Inc. v. Underwriters Bank & Tr. Co.*, 44 NY2d 568 [1978].

6. Considering the undeniable deficiencies, no burden shifted to Defendant.

7. Nevertheless, exactly similar to the initial submission, these deficiencies persist despite being afforded a second opportunity.

8. In the recent "Order To Supplement," the court found that "Plaintiff has thus far failed to demonstrate the entire amount of its claimed damages with reasonable certainty." The court provided Plaintiff an opportunity to explain or "make a supplemental submission in further support of its claimed damages."

9. However, Plaintiff offers no supplemental support, for example, to validate the so-called protective advances that purportedly now exceed $1,022,546.77 plus interest.

10. Certainly, there is no proof of any actual insurance coverage policies, premiums or certificates of insurance.

11. In fact, there is no admissible proof of payments of almost anything in evidentiary form.

12. Instead, the previously submitted "protective advances" and the current supplement are nothing more than uncorroborated hearsay of what unknown actors believe that they needed to repair or maintain or rebuild within Defendant's property that everyone knows is not fully operational as the appointed receiver apparently does

nothing to productively to generate revenue or to other otherwise preserve or enhance the equity of the famous building.

13. It appears that Plaintiff and its self-selected "receiver" are enjoying maintaining the property to the detriment of Defendant as they strip the equity away from the property. Certainly, Plaintiff, the receiver, and everyone else that is getting paid out of the equity of the Defendant's property desires to prolong this action until the equity is even with the purported judgment debt.

14. An example of this is the excessive legal fees of more than $100,000.

15. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939–40, 76 L. Ed. 2d 40 (1983).

16. The highest court continues: "The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S. Ct. at 1940, 76 L. Ed. 2d 40.

17. The issues in this action were simple. The value of the loan does not increase the complexity. In fact, Plaintiff, its attorneys, and the receiver purposefully went out of the way to interfere with a lucrative SiriusXM Contract that would have generated significant monthly revenues. Plaintiff, its attorneys, and the receiver ruined and fatally harmed Defendant. Certainly, at a minimum, Plaintiff cannot recover legal fees for the willful harm inflicted by its attorney or the receiver. Plaintiff and its attorneys played games hunting for assets of Defendant even though there was never a dispute that that

the equity in the property was more than enough to satisfy any judgment at that time. Plaintiff should not be entitled to recover legal fees for the glaring waste and unproductive efforts to accomplish nothing.

18. Anything more than 100 hours of work performed by well-established, experienced, and learned counsel is unnecessary. This action does not warrant 100 hours. See, for example. *DLJ Mortg. Cap., Inc. v. Act Lending Corp.*, No. 07-cv-10318 (JFK) (THK) (S.D.N.Y. Dec. 1, 2008), *report and recommendation adopted,* No. 07 CIV. 10318 (JFK), 2009 WL 111571 (S.D.N.Y. Jan. 14, 2009) ("A total of 70.6 attorney hours were expended on this action. Having reviewed counsel's time records, and finding them sufficiently documented, the Court concludes that the time spent was reasonable. Applying the hourly rate to the hours expended results in a total of $17,650.00 in attorneys' fees, which this Court finds eminently reasonable.").

19. The computations proposed by Plaintiff are not supported by the record.

20. No burden shifted to Defendant to oppose anything.

21. As a final point, judgment was recently entered (because the earlier judgment was not an effective judgment against Defendant).

22. Therefore, Plaintiff's efforts seeking to compound interest on top of interest is an improper calculation and, if adopted, will constitute error (in addition to the potential error of Plaintiff's want of standing resulting in the court's want of jurisdiction[1]).

---

[1] "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the *particular claims* asserted" (emphasis added)). We have insisted, for instance, that "a plaintiff must demonstrate standing separately for each form of relief sought." *Laidlaw,* 528 U.S., at 185, 120 S.Ct. 693; see *Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) - relied upon in *DaimlerChrysler Corp. v Cuno*, 547 US 332, 352, 126 S Ct 1854, 1867, 164 L Ed 2d 589 [2006]. "Standing 'is an essential and unchanging part of the case-or-controversy requirement of Article III.' *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Southeast and Southwest Areas Health and Welfare Fund v Merck-Medco Managed Care, L.L.C.*, 433 F3d 181, 198 (2d Cir 2005). "A plaintiff establishes standing in a foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the foreclosure action was commenced." *1077 Madison St., LLC v Daniels,*

Dated: New York, New York
May 30, 2024

_____
Steven Alexander Biolsi

---

954 F3d 460, 463-64 (2d Cir 2020). Most often, standing is easily demonstrated by attaching the financial instruments to the complaint. *Id.*

Here, "plaintiff did not demonstrate that the purported allonges, which were each on a piece of paper completely separate from the note and the other allonges, were "so firmly affixed" to the note "as to become a part thereof," as required by UCC 3–202(2)." *U.S. Bank N.A. v Yoel*, 219 AD3d 1462 (2d Dept 2023).