**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KAIROS CREDIT STRATEGIES OPERATING PARTNERSHIP, LP,

    *Plaintiff*,

v.

THE FRIARS NATIONAL ASSOCIATION, INC.; CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL CONTROL; NEW YORK CITY FINANCE ADMINISTRATION BUREAU OF COMPLIANCE AND COLLECTION; HOTEL RESTAURANT & CLUB EMPLOYEES AND BARTENDERS UNION LOCAL 6 AND CLUB EMPLOYEES PENSION FUND; NEW YORK DESIGN ARCHITECTS, L.L.P.; and "JOHN DOE #1" through "JOHN DOE #20," the twenty names being fictitious and unknown to the Plaintiffs, the person or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in lien upon the premises,

    Defendants.

Civil Action No. 1:23-cv-2960 (AS)

**SECOND SUPPLEMENTAL DECLARATION OF RAYMOND HU A/K/A ZILONG HU IN SUPPORT OF PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

    RAYMOND HU A/K/A ZILONG HU, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

    1.    My name is Raymond Hu, also known as Zilong Hu. I am over 21 years of age and am competent to give testimony.

    2.    I am Head of Real Estate Credit for Kairos Investment Management Company, an affiliate of Kairos Credit Strategies REIT, Inc., a partner of Kairos Credit Strategies Operating Partnership, LP ("**Plaintiff**" or "**Kairos**") and am authorized to make this declaration on behalf of

Plaintiff in that capacity. I am principally responsible for recovering the debt that defendant The Friars National Association, Inc. ("**Borrower**" or "**Friars Club**") owes Plaintiff.

3. I make this Supplemental Declaration regarding certain protective advances (the "**Protective Advances**") in the amount of $112,210.34 as requested in the Court's June 3, 2024 Order (the "**June 3rd Order**") (Docket No. 148), based upon my personal knowledge and upon review of the books and records of Plaintiff kept in the ordinary course of Plaintiff's business and in the Plaintiff's possession and control. This Supplemental Declaration incorporates and amends the Declaration of Raymond Hy a/k/a Zilong Hu in Support of Plaintiff's Proposed Findings of Fact and Conclusions of Law filed on February 23, 2024 (the "**Original Declaration**") (Docket No. 131) and the Supplemental Declaration of Raymond Hu a/k/a Zilong Hu in Support of Plaintiff's Proposed Findings of Fact and Conclusions of Law (Docket No. 140) (the "**First Supplemental Declaration**").

4. I am personally familiar with the Protective Advances made by the Plaintiff at the request of the Court-appointed Receiver. Attached as Exhibit C to the Original Declaration, Plaintiff provided detailed documentation supporting the first five Protective Advances that it made at the request of the Receiver, which Protective Advances totaled $910,306.43 and were funded by the Plaintiff.

5. Plaintiff, as the Court points out in the June 3rd Order, inadvertently failed to provide supporting documentation for the February 9, 2024 Protective Advances, which totaled $112,210.34, and which advances were made by the Plaintiff at the Receiver's request to pay for Receiver Fees, ConEd bills, sprinkler repairs, fire safety measures, insurance premiums, and to provide for a $5,000 reserve for property maintenance expenditures.

6.  Attached hereto as **Exhibit A** is the letter dated February 8, 2024 sent to both the Receiver and counsel to Friars Club on behalf of the Plaintiff, detailing the request by the Receiver for the listed Protective Advances, agreeing to pay them pursuant to the terms of the Loan Documents, and attaching a schedule of the Protective Advances.

7.  Attached hereto collectively as **Exhibit B,** are all of the invoices relating to the $107,210.34 of Protective Advances. As noted above, in addition to the $107,210.34 of Protective Advances, the Plaintiff advanced $5,000 to fund a reserve for property maintenance expenditures. *See* attachment to Exhibit A.

8.  The Order Appointing Receiver (Docket No. 67) (the "**Receivership Order**"), on paragraph 21, authorized the Receiver to be "compensated at the monthly rate of $300 per hour with a minimum of $2,000 for receivership services, reimbursement of all out-of-pocket expenses, and oversight management for $1,500 per month." The Court approved the Receiver's compensation, and, as is evidenced by all of the supporting documents attached to the Original Hu Declaration and in Exhibit B to this Supplemental Declaration, the Plaintiff is only seeking reimbursement of the Court-approved compensation terms of the Receiver.

9.  To the extent Friars Club had any issues with the Receiver's compensation or the Protective Advances made by the Plaintiff at the request of the Receiver to protect the property, notice of which Friars Club, through its counsel, had contemporaneous notice of, the Receivership Order provides for the following in paragraph 11: "At any time during the pendency of this action, any party in interest hereto may (upon five (5) days' written notice) apply to the Court for further or other instructions with respect to Receiver's powers and duties pursuant to this Order and/or the acts or omissions of Receiver in fulfilling those duties." Friars Club never objected to, or sought relief as to, the Receiver and the Protective Advances pursuant to the Receivership Order.

76652622;3

10. The Plaintiff apologizes for its inadvertent mistake in not including documents supporting the February 9, 2024 Protective Advances in its original submission.

11. The Friars Club indisputably received all of the letters sent by Plaintiff to the Receiver in regards to the Protective Advances and at all times has been aware of the $1,022,516.77 advanced by the Plaintiff to maintain the property at issue, which fell into disrepair, creating, among other things, fire code violations/safety concerns/plumbing issues. Additionally, at the inception of the Receivership, Friars Club was in arrears in its obligations to pay for utilities, insurance, real estate taxes, and other necessary services. When the Receiver was appointed by the Court, he was confronted with emergency problems relating to water, gas and electric matters and the imminent expiration of insurance coverage.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 4, 2024

*DocuSigned by:*
*Raymond Hu*
―A1B7C72F2B0F45B...
RAYMOND HU A/K/A ZILONG HU