UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
        :
KAIROS CREDIT STRATEGIES OPERATING  :
PARTNERSHIP, LP,                             :
        :        23-CV-2960 (AS)
                          Plaintiffs,      :
        :        ORDER ADOPTING
          -v-                             :        REPORT AND
        :        RECOMMENDATION
THE FRIARS NATIONAL ASSOCIATION, INC. et al.,  :
        :
                        Defendants.     :
        X
------------------------------------------------------------------------
ARUN SUBRAMANIAN, United States District Judge:

    This action was previously referred to Magistrate Judge Tarnofsky for a Report and Recommendation on the amounts due to Plaintiff. *See* Docket No. 144. In the Report and Recommendation filed on June 10, 2024, Magistrate Judge Tarnofsky recommended that a final judgment to be entered in favor of Plaintiff in the amount of $17,148,630.65, plus an additional amount to be calculated by the Clerk of Court. *See* Docket No. 151 at 29.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only

conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 151 at 31. In addition, the Report and Recommendation expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The Friars National Association, Inc. requested and received an extension of time to July 8, 2024. Nevertheless, as of the date of this Order, no objections have been filed. Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, including all calculations and the grounds for them, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

By August 1, 2024, Kairos should submit a proposed final judgment in accordance with this opinion. The proposed final judgment should set out the final judgment with respect to each defendant in this case as necessary. Defendants may file a response, if any by August 8, 2024.

SO ORDERED.

Dated: July 29, 2024
      New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge