UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAIROS CREDIT STRATEGIES OPERATING PARTNERSHIP, LP,<br><br>*Plaintiff,*<br><br>v.<br><br>THE FRIARS NATIONAL ASSOCIATION, INC.; *et al.*,<br><br>*Defendants.* | Civil Action No. 1:23-cv-2960 (AS) |

## DECLARATION OF MARK S. LICHTENSTEIN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT OF FORECLOSURE AND SALE

MARK S. LICHTENSTEIN, ESQ., pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1. I am a partner at the law firm of Akerman LLP, attorneys for the plaintiff Kairos Credit Strategies Operating Partnership, LP ("Plaintiff"). I submit this declaration in support of Plaintiff's motion for the entry of final judgment.

2. This case is an action to foreclose a mortgage on the certain real property located at 57 East 55th Street, New York, New York 10022 (the "Mortgaged Premises") and on certain personal property (the "Personalty," together with the Mortgaged Premises, the "Collateral") owned by defendant the Friars National Association, Inc. (the "Borrower" or "Friars Club").

3. I am the attorney with the principal responsibility of managing this case from its inception and, as a result thereof, I have extensive familiarity with all of the facts and circumstances of the case and of the legal services provided by Akerman LLP ("Akerman" or "Counsel") to Plaintiff.

1

77400524;6

4. Plaintiff retained Akerman to represent it with regard to this foreclosure action against Defendants. Counsel is a large law firm with several practice areas, including commercial litigation and real estate.

5. On October 18, 2023, Kairos moved for summary judgment. *See* Mot. for Summ. J. (ECF No. 88). In an Opinion and Order dated December 12, 2023 (the "Order") (ECF No. 119), the Court held among other things that Plaintiff was entitled to an order of foreclosure and sale because there was no issue of material fact that: (1) Plaintiff was the holder or assignee of $13 million in notes and the mortgages on Friars Club's Collateral that secured those notes; and (2) Friars Club defaulted on its loans. *See generally* Order.

6. The Court memorialized its Order in a Judgment dated January 31, 2024 (the "Original Judgment") (ECF No. 127), which was later amended on May 29, 2024 (the "Amended Judgment") (ECF No. 144), as described below.

7. Pursuant to the Original Judgment, as amended, summary judgment was entered against defendants Friars Club and Hotel Restaurant & Club Employees and Bartenders Union Local 6 ("Union") and Club Employees' Pension Fund ("Fund") on the first and second counts of the Complaint. Am. J., at 2. These two counts were, respectively, Foreclosure of Mortgage and Foreclosure of Security Interest in Personal Property. Compl. ¶¶ 74-97 (ECF No. 1).

8. In addition, default judgment was entered against non-answering Defendants City of New York Department of Environmental Control ("NYSDEC") and New York City Finance Administration Bureau of Compliance and Collection ("NYCFAB"). Two additional Defendants, New York State Department of Labor ("NYSDOL") and New York State Tax Department ("NYSTD"), were dismissed. Am. J. at 3.

77400524;6

9. In the Original Judgment, Judge Subramanian referred the calculation of the amount due under the Loan Documents from the Borrower to Plaintiff to a Magistrate Judge. By Order of Reference to Magistrate Judge, the matter was referred to Magistrate Judge Jennifer Willis (ECF No. 128), and then on February 1, 2024 by docket entry to Magistrate Judge Robyn F. Tarnofsky. In that connection, Judge Subramanian directed Plaintiff to contact the Magistrate Judge and to provide detailed calculations of all amounts due under the Loan Documents, so that the Magistrate Judge could make a report and recommendation as to the amount due under the Loan Documents.

10. On February 23, 2024, I submitted to the Magistrate Judge a declaration containing, among other things, a detailed submission regarding the attorneys' fees and costs incurred by Plaintiff. *See* Decl. of Mark S. Lichtenstein in Supp. of Attorneys' Fees, Costs and Expenses ("Lichtenstein Fee Decl.") (ECF No. 132).

11. That submission included legal fees and costs for the period from March 16, 2023 to February 9, 2024. *See* Lichtenstein Fee Decl. ¶ 10 (ECF No. 132). It did not include legal fees or costs incurred in any subsequent period. Plaintiff, however, expressly reserved the right to seek inclusion of any legal fees and costs incurred after Plaintiff's submission in the total amount of the indebtedness under the Loan Documents, subject to Court approval and notice to the defendants. *See id.* ¶ 10 n.1.

12. Due to an inadvertent omission of language in the Original Judgment entering summary judgment against Friars Club, Plaintiff was required to seek the entry of the Amended Judgment, which was entered on May 29, 2014 (ECF No. 144).

77400524,6

13. In the Amended Judgment, Judge Subramanian ordered Kairos to file a motion with the Court seeking approval or modification of the report to be filed by Magistrate Judge Tarnofsky and entry of a final judgment of foreclosure and sale of the Friar Club's property. Am. J. at 3.

14. Magistrate Judge Tarnofsky issued and filed a Report and Recommendation on June 10, 2024 (ECF No. 151) (the "Magistrate's Report"). The Magistrate Judge permitted all parties 14 days, until June 24, to file any written objections. *See* Magistrate's Report, at 31. The deadline for objections was extended to July 8, 2024 upon the Friars Club's letter motion. Order (ECF No. 155). No party filed written objections before the deadline.

15. On July 29, 2024, the Court adopted the Magistrate's Report in its entirety and ordered Plaintiff to submit a proposed final judgment of foreclosure and sale. Order Adopting Report & Recommendations (the "R&R Order") (ECF No. 159).

16. Plaintiff has established the required elements for a foreclosure and requests that the Collateral be sold pursuant to the sale procedures set forth in the Declaration of Ian Lagowitz (the "Lagowitz Declaration"), filed concurrently with this Motion, and that the sale proceeds be distributed in accordance with RPAPL § 1354. It is my belief that, for the reasons set forth in the Lagowitz Declaration, the procedures proposed by Receiver will maximize the value of the Collateral for the benefit of all parties.

17. Plaintiff is entitled to have the final judgment include reimbursement for its costs, allowances, and disbursements made in this matter in accordance with the terms of the Loan Documents and CPLR Article 83.

18. In determining the amount of the costs, allowances and disbursements that should be awarded Plaintiff from the proceeds of an anticipated sale by the Receiver, Magistrate Judge Tarnofsky concluded that Plaintiff is entitled to, among other things, reimbursement of all property

protective advances and all reasonable legal fees and costs incurred in connection with this foreclosure action. *See* Magistrate's Report, at 29-30.

19. The protective advances and legal fees included in the Magistrate's Report, however, only include those included in Plaintiff's February 2024 submission. Under the analysis provided by the Magistrate Judge, Plaintiff is entitled to recover property protective advances and reasonable legal fees and costs incurred subsequent to its February submission.

20. For the reasons set forth in the Declaration of Jeffrey Tong, submitted concurrently with the Motion, Plaintiff is entitled to reimbursement of **$806,380.95** in protective advances, which should be added to the amount due to Plaintiff memorialized in the final judgment of foreclosure and sale.

21. The Mortgage, Loan Agreement and Promissory Note each specifically provide that Plaintiff is entitle to the recovery of all attorney's fees and costs associated with the collection of the sums due under the Loan Documents. Accordingly, in addition to the legal fees and costs included in the Magistrate's Report, Plaintiff is entitled to additional fees and costs post-dating February 9, 2024, the final date included in the submission to the Magistrate Judge. *See* Magistrate's Report, at 16-21 ("Various provisions of the loan documents make clear that Plaintiff is entitled to reasonable attorney's fees and costs for enforcing its rights.").

22. I have reviewed the time and expense records created maintained and invoiced by Akerman reflecting the fees and costs incurred on behalf of Plaintiff in connection with this matter.

23. In making its fee and expense request, Plaintiff is seeking to recover as part of its indebtedness the sum of $53,427.50 for total legal fees incurred and $105.30 in expenses, for a total of **$53,532.80**. This amount is reflective of work performed by the following timekeepers at the following hourly rates for the period from February 2, 2024 to July 30, 2024:

| Time Keeper | Blended Hourly Rate[1] | Hours Billed[2] | Total |
|---|---|---|---|
| MARK S. LICHTENSTEIN (PARTNER) | $625.00 | 43.10 | $26,437.50 |
| MARTIN DOMB (PARTNER) | $625.00 | 1.30 | $812.50 |
| KEITH E. BLACKMAN (PARTNER) | $625.00 | 29.60 | $18,500.00 |
| REYKO E. DELPINO (PARALEGAL) | $200.00[3] | 36.40 | $7,677.50 |

## TIMEKEEPERS' BACKGROUND AND QUALIFICATIONS

24. I was admitted to the New York Bar in 1992 and, therefore, have been practicing law for over 30 years. I have been a member of the Southern District of New York general bar since 1992. The principal focus of my practice is bankruptcy and commercial foreclosures. I have been involved in all aspects of this case including pre-foreclosure analysis and diligence, commencing the foreclosure action, drafting and arguing the contested motion for an appointment of a receiver, conducting affirmative and responsive discovery, drafting and arguing the contested motion for summary judgment, preparing the instant Motion, and all other matters related thereto.

25. Martin Domb was admitted to the New York Bar in 1978 and, therefore, has been practicing law for approximately 46 years. Martin Domb is also admitted to the U.S. Supreme Court, U.S. Court of Appeals, Second and Sixth Circuits, U.S. District Court, Eastern and Southern Districts of New York. Martin Domb assisted in preparing the summary judgment papers, reviewing and responding to the Amended Judgment, and related matters where Judge Subramanian has required additional briefing on discrete issues.

---

[1] Rate reflects blended hourly rate for timekeeper.

[2] The amount of hours included here reflects reductions for any unnecessary and/or redundant billing entries and the exercise of billing discretion, as reflected on Akerman's time records submitted with this Declaration.

[3] The Magistrate Judge determined that the hourly rates for paralegals should be reduced to $200. Magistrate's Report, at 20-21.

77400524;6

26. Keith E. Blackman was admitted to the New York bar in 2002 and, therefore, has been practicing law for approximately 22 years. Mr. Blackman assisted in preparing the instant Motion, and matters related thereto.

27. Reyko Delpino has worked as a paralegal at Akerman for approximately the last 8 years, since 2016 and has approximately 37 years of experience as a paralegal. Reyko Delpino has supported the litigation team in all of their services, including electronic filing, discovery responses and legal diligence.

28. The rates charged to Plaintiff in connection with this matter are believed to be commensurate with the average hourly rates charged by other attorneys and professionals in the relevant legal community who have similar experience, expertise, and years of practice.

29. Moreover, the Magistrate Judge has already determined that the hourly rates charged to Plaintiff for the work of attorneys "were reasonable, based on the rates for similar services, as well as the attorneys' experience and their degree of success." Magistrate's Report, at 20.

30. Based on my review of Akerman's billing records for this matter, it is my belief that the fees and costs reflected in Plaintiff's request were reasonably and necessarily incurred.

31. Attached as **Exhibit "1"** hereto are copies of Akerman's invoices for this matter.

32. I am familiar with the applicable case law, rules, and other authorities, and affirm that the fees incurred and for which Plaintiff seeks reimbursement were reasonable and necessary to the result achieved.

33. Plaintiff has made no prior application for the relief sought herein.

**WHEREFORE**, the amount requested for attorneys' fees herein is fair and reasonable, and Plaintiff requests that the Court allow the amount of **$53,532.80** in legal fees and costs to be incorporated into the final judgment.

Executed this 1st day of August, 2024.

_____
MARK S. LICHTENSTEIN, ESQ.