UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIROS CREDIT STRATEGIES OPERATING PARTNERSHIP, LP,

    *Plaintiff*,

v.

THE FRIARS NATIONAL ASSOCIATION, INC.; *et al.*,

    *Defendants*.

Civil Action No. 1:23-cv-2960 (AS)

## DECLARATION OF JEFFREY TONG IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT OF FORECLOSURE AND SALE

JEFFREY TONG, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1. My name is Jeffrey Tong. I am over 21 years of age and am competent to give testimony.

2. I am an Investment Director of Real Estate Credit for Kairos Investment Management Company, an affiliate of Kairos Credit Strategies REIT, Inc., a partner of Kairos Credit Strategies Operating Partnership, LP ("Kairos" or "Plaintiff"), which is the lender of the subject loan under that certain Consolidated, Extended, Amended and Restated Term Loan and Security Agreement dated as of June 25, 2021. I submit this Declaration in support of Plaintiff's motion for the entry of final judgment.

3. I make this Declaration based upon my personal knowledge and upon review of the books and records of Plaintiff kept in the ordinary course of Plaintiff's business and in the Plaintiff's possession and control. I am personally familiar with the asset management practice and procedures of Plaintiff with regard to servicing of mortgage loans, including record keeping

1

as it pertains to custody of notes, mortgages, and other loan documents with respect to mortgage loans held by Plaintiff.

4. On October 18, 2023, Kairos moved for summary judgment. *See* Mot. for Summ. J. (ECF No. 88). In an Opinion and Order dated December 12, 2023 (the "Order") (ECF No. 119), the Court held among other things that Plaintiff was entitled to an order of foreclosure and sale because there was no issue of material fact that: (1) Plaintiff was the holder or assignee of $13 million in notes and the mortgages on Friars Club's Collateral that secured those notes; and (2) Friars Club defaulted on its loans. *See generally* Order.

5. The Court memorialized its Order in a Judgment dated January 31, 2024 (the "Original Judgment") (ECF No. 127), which was later amended on May 29, 2024 (the "Amended Judgment") (ECF No. 144), as described below.

6. Pursuant to the Original Judgment, as amended, summary judgment was entered against defendants Friars Club and Hotel Restaurant & Club Employees and Bartenders Union Local 6 ("Union") and Club Employees' Pension Fund ("Fund") on the first and second counts of the Complaint. Am. J., at 2. These two counts were, respectively, Foreclosure of Mortgage and Foreclosure of Security Interest in Personal Property. Compl. ¶¶ 74-97 (ECF No. 1).

7. In addition, default judgment was entered against non-answering Defendants City of New York Department of Environmental Control ("NYSDEC") and New York City Finance Administration Bureau of Compliance and Collection ("NYCFAB"). Two additional Defendants, New York State Department of Labor ("NYSDOL") and New York State Tax Department ("NYSTD"), were dismissed. Am. J. at 3.

8. In the Original Judgment, this Court recognized that Kairos was entitled to "all amounts due under the Loan Documents," which not only includes unpaid principal and

2

77400563;5

accumulated interest, but also protective advances incurred by Kairos. *See* Definition of Legal Expenses at page 8 and Section 9.1(c) of the Loan Agreement (Decl. of Raymond Hu in Supp. of Summ. J. Mot., Ex. 28 (Oct. 18, 2023) ("Hu SJ Decl.")) and Section 9 of the Mortgage (Hu SJ Decl. Ex. 32) (entitling Plaintiff to recover protective advances).

9. In the Original Judgment, Judge Subramanian referred the calculation of the amount due under the Loan Documents from the Borrower to Plaintiff to a Magistrate Judge. By Order of Reference to Magistrate Judge, the matter was referred to Magistrate Judge Jennifer Willis (ECF No. 128), and then on February 1, 2024 by docket entry to Magistrate Judge Robyn F. Tarnofsky. In that connection, Judge Subramanian directed Plaintiff to contact the Magistrate Judge and to provide detailed calculations of all amounts due under the Loan Documents, so that the Magistrate Judge could make a report and recommendation as to the amount due under the Loan Documents.

10. On February 23, 2024, Raymond Hu, Head of Real Estate Credit for Kairos Investment Management Company, submitted to the Magistrate Judge documentary support for protective advances incurred by Plaintiff primarily to pay insurance premiums, real property taxes, the costs and fees of the Court-appointed Receiver, repairs and maintenance. *See* Decl. of Raymond Hu ¶¶ 13-16 ("Hu Magistrate Decl.") (ECF No. 131). This submission included only protective advances incurred prior to February 23, 2024.

11. Due to an inadvertent omission of language in the Original Judgment entering summary judgment against Friars Club, Plaintiff was required to seek the entry of the Amended Judgment, which was entered on May 29, 2014 (ECF No. 144).

12. Magistrate Judge Tarnofsky issued and filed a Report and Recommendation on June 10, 2024 (ECF No. 151) (the "Magistrate's Report").

3

13. In the Magistrate's Report, Magistrate Judge Robyn F. Tarnofsky confirmed that Kairos is entitled to recover any property protective advances it incurred as a result of Defendant's inability to fund critical property expenses. *See* Magistrate's Report, at 10-11 (ECF No. 151) ("Courts in this Circuit have allowed plaintiffs in foreclosure actions to recover property protective advances when the plaintiffs submit sufficient documentation to prove the accuracy of the claimed cost of such advances.") (citing *E. Sav. Bank, FSB*, 2022 WL 18858919, at *5 (E.D.N.Y. Dec. 27, 2022)). Thus, the Magistrate Judge included property protective advances of $1,442,155.41 in the payment to be made pursuant to the final judgment of foreclosure. Magistrate's Report, at 29.

14. The Magistrate Judge permitted all parties 14 days, until June 24, to file any written objections. *See* Magistrate's Report, at 31. The deadline for objections was extended to July 8, 2024 upon the Friars Club's letter motion. Order (ECF No. 155). No party filed written objections before the deadline.

15. On July 29, 2024, the Court adopted the Magistrate's Report in its entirety and ordered Plaintiff to submit a proposed final judgment of foreclosure and sale. Order Adopting Report & Recommendations (the "R&R Order") (ECF No. 159). The property protective advances determined by the Magistrate Judge pre-dating February 23, 2024 will therefore be included in the final judgment of foreclosure.

16. As set forth below and the exhibits attached hereto, Plaintiff has made property protective advances that post-date its final submission to the Magistrate Judge on February 23, 2024 and, therefore, were not included in the Magistrate's calculations. *See* Magistrate's Report, at 10 n.5.

4

77400563;5

17. These protective advances represent the costs of multiple property repairs, Receiver compensation and reimbursement, payment of Con Edison charges, and other property and receiver-related expenses.

18. On April 11, 2024, Plaintiff made a protective advance of **$131,331.90**. Attached as **Exhibit A** is correspondence from Plaintiff's counsel Akerman LLP to the Receiver agreeing to remit this protective advance, which attaches a schedule delineating the payment and invoices supporting the advance.

19. On June 14, 2024, Plaintiff made a protective advance of **$190,842.13**. Attached as **Exhibit B** is correspondence from Plaintiff's counsel Akerman LLP to the Receiver agreeing to remit this protective advance, which attaches a schedule delineating the payment and invoices supporting the advance.

20. On August 1, 2024, Plaintiff made a protective advance of **$484,206.92**. Attached as **Exhibit C** is correspondence from Plaintiff's counsel Akerman LLP to the Receiver agreeing to remit this protective advance, which attaches a schedule delineating the payment and invoices supporting the advance.

21. A portion of the protective advance set forth in Exhibit C pertains to prospective property-related payments. In the event the foreclosure sale occurs before some or all of these protective advances are remitted, I will supplement this Declaration to reflect the portion of protective advances refunded to Plaintiff by the Receiver.

22. The total amount of reimbursable protective advances not included in the Magistrate's Report is of **$806,380.95** ($131,331.90 advanced in April 2024, plus $190,842.13 advanced in June 2024, plus $484,206.92 advanced in August 2024). This total should be added to the amount due to Plaintiff memorialized in the judgment of final foreclosure and sale.

23. Additionally, the Magistrate Judge determined that Kairos is entitled to recover its reasonable legal fees and costs incurred in connection with this foreclosure action. *See* Magistrate's Report, at 16-21 ("Various provisions of the loan documents make clear that Plaintiff is entitled to reasonable attorney's fees and costs for enforcing its rights.").

24. Kairos has continued to incur substantial legal fees and costs in connection with this foreclosure action following its submission to the Magistrate Judge enumerating legal fees and costs as of February 9, 2024.

25. As set forth in further detail in the Declaration of Mark S. Lichtenstein, filed concurrently with this Declaration, Plaintiff has incurred additional legal fees in the amount of $53,427.50 and costs in the amount of $105.30 since the submission of the amount due to the Magistrate Judge. Lichtenstein Decl. ¶ 23. These legal fees and costs should also be added to the amount due to Plaintiff memorialized in the judgment of final foreclosure and sale.

26. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of August, 2024.

_____
JEFFREY TONG